UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | CIVIL ACTION NO: |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>10 Cross Street, Mechanic Falls, ME 04256 |
| Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes | Mortgage:<br>November 19, 2004<br>Book 6163, Page 46 |
| **Defendants** | |
| Midcoast Hospital<br>Maine Revenue Services | |
| **Parties-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is an Adjustable Rate Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants are the obligor and the total amount owed under the terms of the Adjustable Rate Note is One Hundred Ninety Thousand Three Hundred Dollars and Thirty Seven Cents ($190,300.37), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134

5. The Defendant, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon, upon information and belief, is a resident of Mechanic Falls, County of Androscoggin and State of Maine.

6. The Defendant, David Barnes, upon information and belief, is a resident of Mechanic Falls, County of Androscoggin and State of Maine.

7. The Party-in-Interest, Midcoast Hospital, is located at 123 Medical Center Drive, Brunswick, ME 04011.

8. The Party-in-Interest, Maine Revenue Services, is located at 111 Sewell Street, 6th Floor, Augusta, ME 04333

## FACTS

9. On November 29, 2004, by virtue of a Quitclaim Deed from Rebecca A. Nehiley, which is recorded in the Androscoggin County Registry of Deeds in **Book 6163, Page 45**, the property situated at 10 Cross Street, County of Androscoggin, and State of Maine, was conveyed to the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On November 19, 2004, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, executed and delivered to Ameriquest Mortgage Company a certain Adjustable Rate Note in the amount of One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00) (herein after referred to as the "Adjustable Rate Note"). *See* Exhibit B (a true and correct copy of the Adjustable Rate Note is attached hereto and incorporated herein).

11. To secure said Adjustable Rate Note, on November 19, 2004, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, executed a Mortgage Deed in favor of Ameriquest Mortgage Company, securing the property located at 10 Cross Street, Mechanic Falls, ME 04256 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 6163, Page 46** (herein after referred to as the "Mortgage").  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to WM Specialty Mortgage, LLC by virtue of an Assignment of Mortgage dated April 24, 2007 and recorded in the Androscoggin County Registry of Deeds in **Book 7125, Page 343**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein)

13. The Mortgage was then further assigned to Mortgage Electronic Registration Systems, Inc., A Delaware Corporation as Nominee for JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated December 15, 2008 and recorded in the Androscoggin County Registry of Deeds in **Book 7607, Page 25**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then further assigned to JPMC Specialty Mortgage, LLC by virtue of an Assignment of Mortgage dated January 12, 2013 and recorded in the Androscoggin County Registry of Deeds in **Book 8607, Page 86**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then further assigned to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Maine Assignment of Mortgage dated March 12, 2015 and recorded in the Androscoggin County Registry of Deeds in **Book 9173, Page 310**. *See* Exhibit G (a true and correct copy of the Maine Assignment of Mortgage is attached hereto and incorporated herein).

16. Midcoast Hospital is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,577.54 dated October 19, 2012, which is recorded in the Androscoggin County Registry of Deeds in **Book 8539, Page 161** and is in second position behind plaintiff's mortgage.

17. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Tax Lien in the amount of $3,140.01 dated June 5, 2013, which is recorded in the Androscoggin County Registry of Deeds in **Book 8689, Page 171** and is in third position behind Plaintiff's Mortgage.

18. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Tax Lien in the amount of $2,720.33 dated June 8, 2014, which is recorded in the Androscoggin County Registry of Deeds in **Book 9173, Page 310** and is in fourth position behind Plaintiff's Mortgage.

19. On February 2, 2008, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, executed a Loan Modification Agreement which increased the principal balance of the Adjustable Rate Note to One Hundred Thirty Nine Thousand, Thirty Dollars and Forty-Nine Cents ($139,030.49). *See* Exhibit H (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

20. On May 4, 2011, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, executed a second Loan Modification Agreement which increased the Adjustable Rate Note to One Hundred Forty Seven Thousand, Four Hundred Thirty One Dollars and Seventy-Eight Cents ($147,431.78). *See* Exhibit I (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

21. On September 16, 2015, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, executed a third Modification Agreement – Limited Term, which decreased the Adjustable Rate Note to One Hundred Forty-Five Thousand Nine Hundred Eighty Dollars and Nine Cents ($145,980.09). *See* Exhibit J (a true and correct copy of the Modification Agreement – Limited Term is attached hereto and incorporated herein).

22. On December 17, 2015, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, was sent a Notice of Right to Cure (hereinafter referred to as the "Demand Letter). *See* Exhibit K (a true and correct copy of the Notice of Right to Cure together with the Certificate of Mailing is attached hereto and incorporated herein).

23. The Demand Letter informed the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

24. The Defendants have failed to cure the default prior to the expiration of the Demand Letter.

25. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the present holder of the Adjustable Rate Note pursuant to possession of the Adjustable Rate Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

26. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the lawful holder and owner of the Adjustable Rate Note and Mortgage.

27. The total debt owed under the Adjustable Rate Note and Mortgage as of September 1, 2016, if no payments are made, is One Hundred Ninety Thousand, Three Hundred Dollars and Thirty Seven Cents ($190,300.37), which includes unpaid principal in the amount of One Hundred Forty Four Thousand, Seven Hundred Forty Nine Dollars and One Cent ($144,749.01); Accrued Interest in the amount of Eleven Thousand Seven Hundred Forty Two Dollars and Seventy Two Cents ($11,742.72); Escrow/Impound Required in the amount of Two Thousand Two Hundred Nine Dollars and Eighty Six Cents ($2,209.86), Late Charges in the amount of Three Hundred Ninety Three Dollars and Seventy Five Cents ($393.75); Deferred Amounts in the amount of Thirty Thousand Nine Hundred Ninety Six Dollars and Fifty Three Cents ($30,996.53); and Total Advances in the amount of Two Hundred Eight Dollars and Fifty Cents($208.50), plus foreclosure fees and costs which continue to accrue daily.

28. Upon information and belief, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for foreclosure respecting a real estate related mortgage and title located at 10 Cross Street, County of Androscoggin, and State of Maine. *See* Exhibit A.

31. The Plaintiff is the holder of the Adjustable Rate Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Adjustable Rate Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Adjustable Rate Note.

33. The Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, are presently in default on said Mortgage and Adjustable Rate Note, having failed to make the monthly payment due November 1, 2015, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Adjustable Rate Note.

34. The total debt owed under the Adjustable Rate Note and Mortgage as of September 1, 2016, if no payments are made, is One Hundred Ninety Thousand, Three Hundred Dollars and Thirty Seven Cents ($190,300.37), which includes unpaid principal in the amount of One Hundred Forty Four Thousand, Seven Hundred Forty Nine Dollars and One Cent ($144,749.01); Accrued Interest in the amount of Eleven Thousand Seven Hundred Forty Two Dollars and Seventy Two Cents ($11,742.72); Escrow/Impound Required in the amount of Two Thousand Two Hundred Nine Dollars and Eighty Six Cents ($2,209.86), Late Charges in the amount of Three Hundred Ninety Three Dollars and Seventy Five Cents ($393.75); Deferred Amounts in the amount of Thirty Thousand Nine Hundred Ninety Six Dollars and Fifty Three Cents ($30,996.53); and Total Advances in the amount of

Two Hundred Eight Dollars and Fifty Cents($208.50), plus foreclosure fees and costs which continue to accrue daily.

35. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

36. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

37. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants on December 17, 2015. *See* Exhibit K.

38. The Defendants are not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF ADJUSTABLE RATE NOTE

39. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. On November 19, 2004, the Defendants executed and delivered to Ameriquest Mortgage Company a certain Adjustable Rate Note in the amount of $125,000.00. *See* Exhibit B.

41. Defendants Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes are in default for failure to properly tender the November 1, 2015 payment and all subsequent payments. *See* Exhibit K.

42. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the current holder and owner of the Adjustable Rate Note and is entitled to enforce the terms and conditions of the Adjustable Rate Note due to its breach by the Defendants.

43. The Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes , having failed to comply with the terms of the Adjustable Rate Note and Mortgage, are in breach of both the Adjustable Rate Note and the Mortgage.

44. The Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes', breach is knowing, willful, and continuing.

45. The Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes', breach have caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to monies lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Adjustable Rate Note and Mortgage as of September 1, 2016, if no payments are made, is One Hundred Ninety Thousand, Three Hundred Dollars and Thirty Seven Cents ($190,300.37), which includes unpaid principal in the amount of One Hundred Forty Four Thousand, Seven Hundred Forty Nine Dollars and One Cent ($144,749.01); Accrued Interest in the amount of Eleven Thousand Seven Hundred Forty Two Dollars and Seventy Two Cents ($11,742.72); Escrow/Impound Required in the amount of Two Thousand Two Hundred Nine Dollars and Eighty Six Cents ($2,209.86), Late Charges in the amount of Three Hundred Ninety Three Dollars and Seventy Five Cents ($393.75); Deferred Amounts in the amount of Thirty Thousand Nine Hundred Ninety Six Dollars and Fifty Three Cents ($30,996.53); and Total Advances in the amount of Two Hundred Eight Dollars and Fifty Cents($208.50), plus foreclosure fees and costs which continue to accrue daily.

47. Injustice can only be avoided by awarding damages for the total amount owed under the Adjustable Rate Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Adjustable Rate Note, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, entered into a written contract with Ameriquest Mortgage Company who agreed to loan the amount of One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00) to the Defendants. *See* Exhibit B.

50. As part of this contract and transaction, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, executed the Mortgage to secure the Adjustable Rate Note and the subject property. *See* Exhibit C.

51. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the proper holder of the Adjustable Rate Note and successor-in-interest to Ameriquest Mortgage Company, and has performed its obligations under the Adjustable Rate Note and Mortgage.

52. The Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, have breached the terms of the Adjustable Rate Note and Mortgage by failing to properly tender the November 1, 2015, payment and all subsequent payments. *See* Exhibit K.

53. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Adjustable Rate Note, and is entitled to enforce the terms and conditions of the Adjustable Rate Note due to its breach by the Defendants.

54. The Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, having failed to comply with the terms of the Adjustable Rate Note and Mortgage, are in breach of contract.

55. The Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Ninety Thousand Three Hundred Dollars and Thirty Seven Cents ($190,300.37) dollars, for money lent by Plaintiff to the Defendants.

56. The Defendants Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes's breach is knowing, willful, and continuing.

57. The Defendants Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Adjustable Rate Note and Mortgage as of September 1, 2016, if no payments are made, is One Hundred Ninety Thousand, Three Hundred Dollars and Thirty Seven Cents ($190,300.37), which includes unpaid principal in the amount of One Hundred Forty Four Thousand, Seven Hundred Forty Nine Dollars and One Cent ($144,749.01); Accrued Interest in the amount of Eleven Thousand Seven Hundred Forty Two Dollars and Seventy Two Cents ($11,742.72); Escrow/Impound Required in the amount of Two Thousand Two Hundred Nine Dollars and Eighty Six Cents ($2,209.86), Late Charges in the amount of Three Hundred Ninety Three Dollars and Seventy Five Cents ($393.75); Deferred Amounts in the amount of Thirty Thousand Nine Hundred Ninety Six Dollars and Fifty Three Cents ($30,996.53); and Total Advances in the amount of Two Hundred Eight Dollars and Fifty Cents($208.50), plus foreclosure fees and costs which continue to accrue daily.

59. Injustice can only be avoided by awarding damages for the total amount owed under the Adjustable Rate Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

60. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Ameriquest Mortgage Company, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00). *See* Exhibit B.

62. The Defendants Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes are in default for failure to properly tender the November 1, 2015 payment and all subsequent payments. *See* Exhibit K.

63. As a result of the Defendants' failure to perform under the terms of the Adjustable Rate Note and Mortgage, the Defendants, Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes, have been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

64. As such, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

65. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. Ameriquest Mortgage Company, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00). *See* Exhibit B.

67. The Defendants Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes have failed to repay the loan obligation pursuant to the terms of the Adjustable Rate Note and Mortgage. *See* Exhibit K.

68. As a result, the Defendants Rebecca A. Barnes f/k/a Rebecca A. Nehiley f/k/a Rebecca A. Doyon and David Barnes have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Ameriquest Mortgage Company by having received the aforesaid benefits and money and not repaying said benefits and money.

69. As such, the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendants are in breach of the Adjustable Rate Note by failing to make payment due as of November 1, 2015, and all subsequent payments;

d) Find that the Defendants are in breach of the Mortgage by failing to make payment due as of November 1, 2015, and all subsequent payments;

e) Find that the Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants are in breach of contract by failing to comply with the terms and conditions of the Adjustable Rate Note and Mortgage by failing to make the payment due November 1, 2015 and all subsequent payments;

g) Find that Plaintiff is entitled to enforce the terms and conditions of the Adjustable Rate Note and Mortgage;

h) Find that by virtue of the Adjustable Rate Note and Mortgage, the Defendants have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles Plaintiff to restitution;

j) Find that the Defendants are liable to the Plaintiff for money had and received;

k) Find that the Defendants are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff is entitled to restitution for this benefit from the Defendants;

o) Determine the amount due on said Mortgage and Adjustable Rate Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants and in favor of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the amount of One Hundred Ninety Thousand Three Hundred Dollars and Thirty Seven Cents ($190,300.37), the total debt owed under the Adjustable Rate Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: September 2, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670